IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR409 |
| | ) | |
| v. | ) | |
| | ) | |
| OLGA ECHERIVEL, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's response to the Court's memorandum opinion (Filing No. 134), which the Court will treat as a motion to reconsider her motion to vacate, set aside, or correct her sentence (Filing No. 131) pursuant to 28 U.S.C. § 2255. The Court previously denied defendant's § 2255 motion (Filing Nos. 132 and 133) because her failure to follow the procedures of § 2255(h) for a second or successive motion deprived the Court of jurisdiction. Defendant's response challenges the Court's determination that her § 2255 motion was, in fact, a second or successive motion falling under § 2255(h). Rather, defendant contends that jurisdiction is proper as an original (not successive) § 2255 motion that was filed before the running of the statute of limitations set out in § 2255(f)(3).

I. Factual Background

Defendant filed her first § 2255 motion on July, 11, 2011 (Filing No. 124). The motion was based on multiple grounds including that her attorney's "underestimation of [the]

sentencing range" constituted a prejudicial deficiency that deprived her of effective assistance of counsel. That motion was denied on August 29, 2011 (Filing Nos. 127 and 128).

Recently, the Supreme Court issued two opinions relating to ineffective assistance of counsel at the plea bargaining stage. *See Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Missouri v. Frye*, 132 S. Ct. 1399 (2012). Relying on these cases, defendant filed a second motion under § 2255, apparently asserting ineffective assistance of counsel at the plea bargaining stage (defendant's stated grounds consist solely of a citation reference to the new Supreme Court cases).

II. Discussion

Defendant's concise filing is capable of two interpretations, neither of which warrant granting her motion. First, defendant might be asserting the same ineffective assistance of counsel grounds that she asserted in her original § 2255 motion. Presumably, defendant is asserting that the newly decided cases support a favorable ruling on those grounds. In the original motion she asserted that her attorney's misestimation of the guideline range might have affected her consideration of a plea offer. If this is the case, defendant's motion is certainly a "second or successive" motion that must be certified by the appropriate court of appeals under § 2255(h)

before submission to this Court. It was on these grounds that the Court ruled in its prior order (Filing Nos. 132 and 133).

Second, defendant might be asserting that this is a new motion on different grounds that are now covered under the Supreme Court's recent rulings. Assuming this is a valid distinction under the rules, defendant's motion would be timely under § 2255(f) (allowing motions filed within one year after a new right is recognized by the Supreme Court). However, the defendant has not alleged any facts that would support a finding of ineffective assistance of counsel based on either *Lafler* or *Frye*.

*Frye* involved an attorney who failed to inform his client of a time sensitive plea offer that would have reduced his offense from a felony to a misdemeanor. *Frye*, 132 S. Ct. at 1404-05. The defendant was later arraigned at which time he pled guilty to a felony. *Id.* Both the deficiency of the attorney's conduct and the prejudice to the defendant were clear. In the present case, the defendant appears to have been fully aware of the plea offer, but refused to take it. In the defendant's original § 2255 motion (Filing No. 124), she claimed that she was prejudiced in considering a plea agreement not because she was completely unaware of it but because she rejected it based on her attorney's misestimation of the applicable guideline range.

In *Lafler*, the defendant communicated a willingness to accept the offered plea offer but ultimately rejected it based on his attorney's unsupported contention that the defendant could not be convicted at trial. *Lafler*, 132 S. Ct. at 1384. The defendant was then convicted at trial and received a harsher sentence than he would have under the plea offer. *Id.* at 1383. Again, in the present case, the defendant appears to have simply rejected the agreement; there is no evidence that she would have taken the plea offer but for the constitutionally deficient advice of her attorney to go to trial. A separate order will be entered in accordance with this memorandum opinion.

DATED this 6th day of August, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court